# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW YORK, SOUTHERN DISTRICT

| | |
|---|---|
| NATHAN PERLMUTTER<br><br>      Plaintiff<br>v.<br><br>UNITED STATES SECRET SERVICE<br><br>and<br><br>MATTHEW BAPTISTE<br><br>      Defendants | Case No.<br><br>**Jury Trial Requested** |

## COMPLAINT

Plaintiff Nathan Perlmutter, by his attorney, Morelli Law Firm, respectfully alleges as follows:

### Nature of the Case

1.      This is a civil action seeking monetary damages and affirmative relief under 28 U.S.C.A. Sec. 2674 and 28 U.S.C.A. Sec. 2675, the Federal Tort Claims Act.  The case arises from a motor vehicle accident that occurred on December 11, 2019 at the crosswalk located at Second Avenue and East 44th Street in New York, New York, during which the vehicle operated by United States Secret Service Agent, Defendant MATTHEW BAPTISTE made a left turn through the crosswalk and struck Plaintiff NATHAN PERLMUTTER, who was lawfully walking across the crosswalk with a pedestrian crossing light in his favor. As a result, Plaintiff suffered severe and permanent injuries, including but not limited to a torn medial collateral ligament ("MCL"), torn medial meniscus, and torn lateral meniscus in his right knee, which

required him to undergo surgery. The Defendants' misconduct was the direct and proximate cause of the accident and of Plaintiff's injuries.

**Parties**

2. At all times herein mentioned, Plaintiff NATHAN PERLMUTTER is and was an individual and citizen of the state of New York, county of Suffolk. Mr. Perlmutter was seventy-two years old at the time of the accident.

3. On December 11, 2019, and at all times herein mentioned, Defendant UNITED STATES SERCRET SERVICE was and is a federal corporation and a citizen of this Judicial District.

4. On December 11, 2019, and at all times herein mentioned, Defendant MATTHEW BAPTISTE was and is believed to be a citizen of New York, and was an agent and employee of Defendant UNITED STATES SECRET SERVICE acting in the course of his employment at the time of the aforementioned auto-accident.

**Jurisdiction and Venue**

5. Jurisdiction is conferred on this Court by 28 U.S.C.A. § 2675 and 28 U.S.C.A. § 1346.

6. Venue is proper in this Court as the subject incident occurred at the intersection of Second Avenue and East 44th Street in New York, New York, 10017, which is a public highway located in New York County in the Southern District of New York.

7. On January 16, 2020, and within the time prescribed by law, an SF-95 - Claim for Damage, Injury, or Death Form, which stated among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's damages demands for

adjustment thereof, was duly served on the claimant's behalf on Defendant UNITED STATES SECRET SERVICE. *See* **Exhibit A**.

8. On July 6, 2022, Faron K. Paramore, Deputy Director of Defendant UNITED STATES SECRET SERVICE, made Plaintiff a written offer of settlement and stated that in the event claimant/Plaintiff did not accept said settlement offer, "[t]his denial at the end of the 45-day period will be a final denial of his claim." A copy of the formal denial of liability, marked "Exhibit B" is attached to and made a part of this pleading by reference.

9. Plaintiff has commenced this action within six months of the aforementioned written final denial of claim by the appropriate Federal agency, and has thereby exhausted his prior administrative remedies and has complied with his statutory obligations pursuant to 28 U.S.C.A. § 2675(a).

**Statement of Facts**

10. On December 11, 2019, Defendant MATTHEW BAPTISTE was an agent and employee of Defendant UNITED STATES SECRET SERVICE.

11. On December 11, 2019, Defendant MATTHEW BAPTISTE was acting within the scope of that employment such that Defendant UNITED STATES SECRET SERVICE is liable for injuries caused by Defendant MATTHEW BAPTISTE's negligence.

12. On December 11, 2019, while acting in the scope of his employment, Defendant MATTHEW BAPTISTE was operating a 2016 Dodge, bearing New York license plate HBU1134 ("The Defendants' Vehicle").

13. On December 11, 2019, The Defendants' Vehicle was owned and believed to be registered to Defendant UNITED STATES SECRET SERVICE.

14. On December 11, 2019, at approximately 6:40 a.m., The Defendants' Vehicle driven by DEFENDANT MATTHEW BAPTISTE was traveling southbound on Second Avenue and attempted to make a left turn onto East 44th Street headed eastbound.

15. On December 11, 2019, at approximately 6:40am, Plaintiff was walking within the crosswalk located at Second Avenue and East 44th Street with a pedestrian crossing signal in his favor when his body was suddenly struck by The Defendants' Vehicle as it began to turn left into the crosswalk.

16. DEFENDANT MATTHEW BAPTISTE's driving was so dangerous as to exhibit a lack of appropriate screening, training or supervision by his co-Defendant.

17. As a result of the incident, Plaintiff Nathan Perlmutter was severely and permanently injured.

18. As a direct and proximate result of the physical injuries sustained by Mr. Perlmutter in the incident, he suffered a torn MCL, torn medial meniscus and torn lateral meniscus in his right knee which required him to undergo surgery.

19. As a direct and proximate result of the injuries sustained by Mr. Perlmutter in the collision, he has been caused to incur damages including, but not limited to, past pain and suffering and past economic loss including medical and related expenses.

20. As a direct and proximate result of the injuries sustained by Mr. Perlmutter in the collision, he will incur damages including future pain and suffering and future economic loss and medical and related expenses.

**Count One – Negligence**

21. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

22. On December 11, 2019, Plaintiff was a pedestrian lawfully walking across the crosswalk located at Second Avenue and East 44th Street in New York, New York.

23. At all relevant times, Defendants had a duty to operate The Defendants' Vehicle reasonably, safely, and in accordance with accepted standards of care.

24. At all relevant times, Defendants had a duty to select, screen, train, and supervise, their agents, employees and drivers, including DEFENDANT MATTHEW BAPTISTE, in accordance with accepted rules, practices, and standards of care.

25. On December 11, 2019, DEFENDANT MATTHEW BAPTISTE unlawfully, negligently, recklessly, and in complete disregard for the rights of others, made an improper left turn into a pedestrian crosswalk without sufficient or appropriate screening, training or supervision, without paying attention to the other pedestrians lawfully walking in the crosswalk, and/or while distracted and/or improperly rested.

26. The Defendants were careless, negligent, unlawful and reckless in the ownership and operation of The Defendants' Vehicle.

27. The Defendants were careless, negligent, unlawful and reckless in the inspection and maintenance of The Defendants' Vehicle.

28. The Defendants were careless, negligent, unlawful and reckless in the selection, screening, training and supervision of their agents, employees and drivers, including DEFENDANT MATTHEW BAPTISTE.

29. As a direct and proximate result of the Defendants' careless, negligent, unlawful and reckless conduct, the aforementioned incident occurred and Plaintiff was caused to sustain severe and permanent personal injuries and damages.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands upon defendants:

    a.    actual, compensatory, and statutory damages;

    c.    pre and post-judgment interest as allowed by law;

    d.    an award of attorneys' fees as allowed by law;

    e.    an award of taxable costs; and

    f.    any and all such further relief as this Court deems just and proper.

Date: October 13, 2022

                        Respectfully submitted,

                        /s/ Benedict P. Morelli\_\_\_\_
                        (NY Bar No. BM6597)
                        Benedict P. Morelli
                        David T. Sirotkin
                        Danielle Lamberg
                        MORELLI LAW FIRM, PLLC
                        777 Third Avenue, 31st Fl.
                        New York, NY 10017
                        (212) 751-9800
                        *Attorneys for Plaintiff*